UNITED STATES of America,

v.

Earl B. GORDON, Defendant.

Crim. A. No. 86–00023(R).

United States District Court,
W.D. Virginia,
Roanoke Division.

July 2, 1986.

Charles A. Tamuleviz, Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

G. Nelson Mackey, Jr., Staunton, Va., Raymond Robrecht, Salem, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Defendant Earl B. Gordon has been charged in a fifteen-count indictment with filing false federal income tax returns, aiding and assisting others in filing false federal income tax returns, and mail fraud. Gordon has moved to compel the government to disclose the method of granting immunity to witnesses subpoenaed to testify before the grand jury and to dismiss the indictment for prosecutorial misconduct. For the reasons set forth below, the motions will be denied.

## BACKGROUND

In preparation for grand jury proceedings regarding Gordon, the government is-

sued subpoenas to a number of witnesses to come and testify before the grand jury. Either through a "letter of assurance" or orally, the potential witnesses were promised that if their testimony before the grand jury would be that they knew that the defendant was engaged in a fraudulent scheme, such statements would not be used to prosecute them for any criminal activity stemming from involvement with Gordon. In addition, the potential witnesses were told that if their testimony before the grand jury would be that they believed the defendant was not engaged in a fraudulent scheme, no immunity could be promised them. Each of the subpoenaed witnesses then proffered his testimony to the government attorneys and agents. On the basis of the proffers, some of the witnesses testified before the grand jury, and others did not.

## ANALYSIS

The defendant's motions appear to have two main thrusts. First, Gordon contends that the government's method of granting immunity in this case was improper and tainted the grand jury proceedings. Second, Gordon contends that the government's conduct amounted to prosecutorial misconduct and requires dismissal of the indictment. The court will consider these contentions in turn.

■ Gordon asserts that the methods used by the government in this case to grant immunity are illegal. In support of this assertion, he notes that the method does not comply with 18 U.S.C. § 6001 *et seq.* The courts have recognized, however, that the government need not always proceed under the federal immunity statute when immunizing a potential witness. *See, e.g., United States v. Winter,* 663 F.2d 1120, 1133 (1st Cir.1981), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1983); *United States v. Librach,* 536 F.2d 1228, 1230 (8th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). Indeed, in a case remarkably similar to the instant one, the Tenth Circuit Court of Appeals has recently held that there is nothing objectionable about the use of informal immunity. *United States v. Anderson,* 778 F.2d 602, 606 (10th Cir.1985). This court is persuaded by the rationale of the above-cited cases, and believes that the government's use of informal methods of granting immunity is not *per se* unlawful.[1] For this reason, defendant's motion to dismiss the indictment on this ground must be denied.

■ Gordon further contends that the government's conduct in this case tainted the grand jury proceedings and demands dismissal of the indictment. Specifically, Gordon complains that the government immunized only some of the subpoenaed witnesses, called only some of the subpoenaed witnesses to testify, and requested at least two witnesses who testified before the grand jury to inform the government if the defendant or his attorneys contacted them. Following a review of the evidence taken at the hearing of May 14, 1986, the court is convinced that there was no prosecutorial misconduct of any sort in the instant case. There is no evidence to suggest that the prosecutors overreached or deceived the grand jury in some significant way, or that the prosecutor's conduct significantly infringed on the ability of the grand jury to exercise its independent judgment. *See United States v. Pino,* 708 F.2d 523, 529–31 (10th Cir.1983). For this reason, the defendant's motion to dismiss the indict-

---

1. In *United States v. Klauber,* 611 F.2d 512 (4th Cir.1979) *cert. denied,* 446 U.S. 908, 100 S.Ct. 1835, 64 L.Ed.2d 261 (1980), the Fourth Circuit assumed for purposes of discussion that informal "letter" immunity was equivalent to use immunity. The court refused to foreclose itself from questioning that assumption in a later case. *Klauber,* 611 F.2d at 514 n.2. This court is not being asked to consider the question reserved by the *Klauber* court. While the Fourth Circuit did not in *Klauber* pass on the propriety of the letter immunity, this court notes that the *Klauber* footnote implicitly recognizes informal grants of immunity, even if it left open the question noted above. *See Id.*

ment on this latter ground must also be denied.[2]

## CONCLUSION

For the reasons set forth above, the defendant's motions will be denied.

---

**2.** The court notes that the government admitted in open court the method of granting immunity in this case. Accordingly, the defendant's motion to compel seems moot and need not be considered by the court.